ROGERS JOSEPH O'DONNELL
Dennis C. Huie (State Bar No. 184377)
dhuie@rjo.com
Joshua M. Deitz (State Bar No. 267454)
jdeitz@rjo.com
Katherine M. Svinarich (State Bar No. 287976)
ksvinarich@rjo.com
311 California Street, 10th Floor
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457

Attorneys for Defendants
CENTRAL COAST RESTAURANTS,
INC. AND YADAV ENTERPRISES,
INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER GARCIA, an individual, individually and acting on behalf of class of similarly situated employees,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>CENTRAL COAST RESTAURANTS, INC., YADAV ENTERPRISES, INC. and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No.<br><br>[Removed from Alameda Superior Court, Case No. RG-17886551]<br><br>**CLASS ACTION**<br><br>**DEFENDANTS CENTRAL COAST RESTAURANTS, INC. AND YADAV ENTERPRISES, INC.'S NOTICE OF REMOVAL** |

Defendants Central Coast Restaurants, Inc. and Yadav Enterprises, Inc., ("Defendants") hereby remove this action from the Superior Court of the State of California for the County of Alameda pursuant to 28 U.S.C. §§ 1332, 1446 and 1453 to the United States District Court for the Northern District of California. Defendants appear for the purpose of removal only, reserve all rights, claims and defenses of any nature whatsoever, and expressly deny that they are liable to the Plaintiff or to any members of the purported

Page 1

452902.5

putative class, as defined in the Complaint, for any damages or other relief. Defendants state as grounds for removal the following:

### THE COMPLAINT

1.     On December 13, 2017, an action was commenced with the Superior Court of the State of California for the County of Alameda, entitled *Jennifer Garcia, an individual, individually and acting on behalf of a class of similarly situated employees v. Central Coast Restaurants, Inc., Yadav Enterprises, Inc., and DOES 1 through 20, inclusive*, Case No. RG-17886551. A true and correct copy of the Complaint is attached as **Exhibit B** to the Appendix of State Court Pleadings In Support of Defendants' Notice of Removal ("Appendix" filed concurrently herewith).

2.     The Complaint alleges eight causes of action against Defendants:

- Failure to Pay Minimum Wages, Cal. Labor Code §§ 226, 226.6, 1194, 1194.2, 1197 & California Industrial Welfare Commission ("IWC") Wage Order 5.
- Failure to Pay Overtime Wages, Cal. Labor Code §§ 510, 1194, 1194.2, and IWC Wage Order 5.
- Failure to Provide Rest Breaks or Compensation in lieu thereof, Cal. Labor Code § 226.7, and IWC Wage Order 5.
- Failure to Provide Meal Periods or Compensation in lieu thereof, Cal. Labor Code §§ 226.7, 512, and IWC Wage Order 5.
- Failure to Indemnify Employees for all Necessary Expenditures or Losses Incurred, Cal. Labor Code § 2802, and IWC Wage Order 5.
- Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions, Cal. Labor Code §§ 226(B), 1174, 1175.
- Failure to Timely Pay Wages due at Termination, Cal. Labor Code §§ 201, 202, 203.
- Violation of California Unfair Competition Law, Cal. Business and Professions Code § 17200 *et seq.*

NOTICE OF REMOVAL – Case No.: Unassigned

452902.5

1    Appendix Exh. B, Complaint at ¶¶ 16, 32-100.

2        3.    Plaintiff brings this action as a putative class action and seeks to represent the

3    following class:

4        All persons who are employed or have been employed by
         Defendants in the State of California who, within four (4) years
5        of the filing of the original Complaint in this action, have
         worked as non-exempt restaurant workers.
6

7        Appendix Exh.B., Complaint at ¶ 22.

8                            **JURISDICTION**

9        4.    The district court has original jurisdiction over this action pursuant to the Class

10   Action Fairness Act ("CAFA") because:

11       •    The putative class consists of at least 100 individuals.

12       •    At least one member of the putative class is a citizen of a State or

13            foreign state that is different from the citizenship of Defendants, and

14       •    The matter amount in controversy exceeds the sum or value of

15            $5,000,000, exclusive of interest and costs.

16       *See* 28 U.S.C. § 1332(d)(2), (d)(5).

17                           **CLASS ACTION**

18       5.    CAFA defines "class action" as "any civil action filed under rule 23 of the

19   Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure

20   authorizing an action to be brought by 1 or more representative persons as a class action." 28

21   U.S.C. § 1332(d)(1)(B).

22       6.    Plaintiff filed her Complaint under Section 382 of the California Code of Civil

23   Procedure (Appendix Exh.B, Complaint at ¶¶ 22, 24) which authorizes one or more

24   individuals to sue "for the benefit of all" when "the question is one of a common or general

25   interest, of many persons, or when the parties are numerous, and it is impracticable to bring

26   them all before the court."  Cal. Code Civ. Proc. § 382.  Accordingly, this action is a "class

27   action" within the meaning of CAFA.

28   ///

NOTICE OF REMOVAL – Case No.: Unassigned

452902.5

**MORE THAN 100 PUTATIVE CLASS MEMBERS**

7.    The Complaint alleges that the potential members of the class as defined in the Complaint are so numerous that joinder of all members of the Class is impracticable. "While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes, and based thereon alleges, that Defendants have employed, during the Class Period, hundreds of commercial laundry supply workers [SIC] who have been affected by Defendants' unlawful practices as alleged herein." Appendix Exh.B, Complaint at ¶¶ 25, 26.

8.    Plaintiff seeks to represent "All persons who are employed or have been employed by Defendants in the State of California who, within four (4) years of the filing of the original Complaint in this action, have worked as non-exempt restaurant workers." Complaint at ¶ 22. During the period from December 13, 2013 to April 2, 2018, Defendant CCR employed more than 2,000 non-exempt, hourly employees in the State of California. Accordingly, the CAFA requirement of at least 100 represented persons is met.

**DIVERSITY**

9.    As Plaintiff alleges, at all relevant times, Defendants Central Coast Restaurants, Inc., and Yadav Enterprises, Inc., are and were California corporations incorporated and headquartered in California. Appendix Exh.B, Complaint at ¶¶ 11, 12.

10.    Plaintiff alleges that she is a resident of Soledad, California. Complaint at ¶ 9. Defendants are informed and believe that Plaintiff is a United States citizen.

11.    CAFA provides that a district court can exercise jurisdiction over a proposed class action as long as two-thirds (2/3) or less of the proposed class members are citizens of the same state as defendants. 28 U.S.C. §1332(d)(4)(A),(B). Plaintiffs allege that more than two-thirds of the proposed class are citizens of California. Appendix Exh.B, Complaint, ¶ 7. However, this allegation is untrue as based on the personnel records of the putative class, approximately 50% of the putative class members are not United States citizens. As non-US citizens are not considered citizens of their state of residence, but rather are "citizen[s] or subject[s] of a foreign state" (28 U.S.C. §1332(d)(2)(B)) they are diverse for purposes of

NOTICE OF REMOVAL – Case No.: Unassigned

452902.5

1   removal under CAFA. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.

2   2001); *Duran v. Fernandez Bros.*, No. 15-CV-03058-LHK, 2015 U.S. Dist. LEXIS 154032,

3   at *8 (N.D. Cal. Nov. 12, 2015).

4         12.     While Plaintiff has made allegations explicitly seeking to defeat federal

5   jurisdiction in Paragraph 7 of the Complaint, there are countervailing concerns that signal that

6   removal is appropriate. "Congress intended CAFA to be interpreted expansively." *Ibarra v.*

7   *Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing S. Rep. No. 109-14, at 42

8   (Feb. 28, 2005)). The Supreme Court has noted that Congress intended a strong preference

9   that class actions involving interstate issues should be heard by federal courts. *Dart*

10  *Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing S. Rep. No.

11  109-14, p. 43 (2005). Among the factors to be considered for CAFA removal are whether the

12  claims involve issues of interstate or national interest, whether the state class action has been

13  pleaded in a way that attempts to avoid federal jurisdiction, whether the number of citizens of

14  the state in which the complaint was filed is substantially larger than the number of non-

15  citizens, and whether similar class actions have been filed in the previous three years. 28

16  U.S.C. §1332(d)(3). CAFA favors efficiency in resolving serial class action filings, and

17  coordination by a federal district of those cases where appropriate. S. Rep. 109-14, at 38.

18  Plaintiff explicitly alleges that the Complaint is not subject to removal, and pleads in such a

19  way to avoid removal. Notably, Plaintiff's Complaint is a near carbon-copy of a Complaint

20  filed by Plaintiff's attorneys as a California Private Attorney General Act ("PAGA") case in

21  *Contreras v. JIB Management*, Case Number 15-cv-000143, filed in the Superior Court of the

22  State of California for the County of Monterey. A copy of the First Amended Complaint

23  ("PAGA FAC") filed in *Contreras v. JIB Management*, Case Number 15-cv-000143 is

24  attached to the Huie Decl. as Exhibit A. In that case, plaintiff's attorneys sought to represent

25  all individuals employed by Central Coast Restaurants, Inc. and sought relief for near-

26  identical causes of action as described above:

27       • Failure to pay minimum wages

28       • Failure to pay overtime wages

452902.5

- Failure to provide proper timely paid rest periods or compensation in lieu thereof

- Failure to provide meal periods or compensation in lieu thereof

- Failure to indemnify employees for all necessary expenditures or losses incurred

- Failure to timely pay wages due at termination

- Knowing and intentional failure to comply with itemized employee wage statement provisions

Huie Exh. A, PAGA FAC at ¶¶ 39-57. Notably, plaintiff's attorneys sought to avoid having to certify a class in that case, pleading that PAGA was sufficient to recover on behalf of all employees without bringing the case as a class action. Huie Exh. A, PAGA FAC at ¶ 57. A case management conference is scheduled to discuss the settlement and dismissal on May 2, 2018. *Id.* After proceeding in the PAGA case, plaintiff's attorneys filed this putative class action asserting nearly identical allegations.

12.     Additionally, this case presents claims involving class representation of individuals who are citizens of various foreign states, raising potential issues that are more properly considered in federal court. The number of California citizens is approximately equal to the number of foreign citizens.

**THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION**

13.     This Court also has jurisdiction because the amount in controversy in this matter is greater than $5,000,000. Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Defendants' amount in controversy allegation should be accepted unless it is challenged by the Plaintiff or the Court. Defendants offer this estimated calculation for purposes of this notice of removal, based on the assumptions about the amount in controversy accepted by Ninth Circuit courts and described below, and these calculations do not reflect Defendants' admission of liability. Where it is challenged, removal is proper where the Defendants establish "by the

NOTICE OF REMOVAL – Case No.: Unassigned

preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. 28 U.S.C. § 1446; *Dart Cherokee*, 135 S. Ct. at 553. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554. "Removing defendants must inevitably rely on some assumptions to support removal; a removing defendant is not required to go so far as to prove plaintiff's case for him by proving the actual rates of violation." *Feao v. UFP Riverside, LLC*, No. CV 17-3080 PSG (JPRx), 2017 U.S. Dist. LEXIS 101356, at *14-15 (C.D. Cal. June 29, 2017). Under the preponderance of the evidence standard, the Court must determine whether it is "more likely than not" that the amount in controversy exceeds $5,000,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also, Lewis v. Verizon Communs., Inc.*, 627 F.3d 395 400 (9th Cir. 2010) ("[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.")

14.    Plaintiff alleges that for a period of at least four years (December 13, 2013 to the present), Defendants failed to comply with various provisions of the California Labor Code. Exh.B, Complaint at ¶¶ 16, 32-100. Plaintiff alleges "systematic failure by Defendants" to properly pay wages and comply with these statutes. Exh.B, Complaint at ¶ 3.

15.    During the time period covered by the Complaint, the minimum wage varied. The minimum wage in California was:

- $8.00 per hour from December 13, 2013 to July 1, 2014
- $9.00 per hour from July 1, 2014 to January 1, 2016
- $10.00 per hour from January 1, 2016 to January 1, 2017
- $10.50 per hour from January 1, 2017 to January 1, 2018

NOTICE OF REMOVAL – Case No.: Unassigned

452902.5

- $11.00 per hour from January 1, 2018 to present.

Cal. Labor Code § 1182.12 and California Wage Order #5-2001. For purposes of this estimation of the amount in controversy, the time periods for alleged damages based on minimum wage were divided into the time periods described above. Where other time periods are divided by applicable statutes of limitation or other time periods described in statute, those time periods are described below.

16.    The claims of individual class members are aggregated to determine if the amount in controversy exceeds $5,000,000. 28 U.S.C. §1332(d)(6). Congress intended for federal jurisdiction to be appropriate under CAFA, if the value of the matter in litigation exceeds $5,000,000 "'either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.,* damages, injunctive relief, or declaratory relief.)'" *Ripee*, 408 F. Supp. 2d at 984.

17.    Defendant's calculations of the amount in controversy are summarized in the following table and explained in detail in the paragraphs that follow.[1]

///
///
///
///
///
///
///
///
///
///
///
///

---

[1] All calculations supporting the amount-in-controversy assume, without any admission, the truth of the facts alleged by Plaintiff.

NOTICE OF REMOVAL – Case No.: Unassigned

452902.5

| Cause of Action | Alleged Recovery | Calculation of Amount in Controversy | Amount in Controversy |
|---|---|---|---|
| First Cause Of Action | Damages for Failure to Pay Minimum Wage,  Cal. Labor Code §§ 226, 226.6, 1194, 1194.2, 1197 & IWC Wage Order 5 | 12/13/13 – 7/1/14<br>2 violations per pay period  x 6000 pay checks x $8.00 per hour<br><br>7/1/14 – 1/1/16<br>2 violations per pay period  x 17000 pay checks x $9.00 per hour<br><br>1/1/16 – 1/1/17<br>2 violations per pay period  x 11000 pay checks x $10.00 per hour<br><br>1/1/17 – 1/1/18<br>2 violations per pay period  x 11000 pay checks x $10.50 per hour<br><br>1/1/18 – 4/2/18<br>2 violations per pay period  x 2000 pay checks x $11.00 per hour | $897,000.00 |
| | Liquidated Damages for Unpaid Minimum Wage | 12/13/16-April 2, 2018<br>2 violations per pay period x 15000 pay checks x $10.50 average minimum wage per hour | $315,000.00 |
| Second Cause of Action | Failure to Pay Overtime Wages, Cal. Labor Code §§ 510, 1194, 1194.2, & IWC Wage Order 5 | 12/13/13 – 7/1/14<br>2 violations per pay-period x 6000 paychecks x $8.00 per hour x .5 overtime premium multiplier<br><br>7/1/14 – 1/1/16<br>2 violations per pay-period x 17000 paychecks x $9.00 per hour x .5 overtime premium multiplier<br><br>1/1/16 – 1/1/17<br>2 violations per pay-period x 11000 paychecks x $10.00 per | $448,500.00 |

NOTICE OF REMOVAL – Case No.: Unassigned

452902.5

| | | | |
|---|---|---|---|
| | | hour x .5 overtime premium multiplier<br><br>1/1/17 – 1/1/18<br>2 violations per pay period x 11000 pay checks x $10.50 per hour x .5 overtime premium multiplier<br><br>1/1/18 – 4/2/18<br>2 violations per pay period x 2000 pay checks x $11.00 per hour x .5 overtime premium multiplier | |
| Third Cause of Action | Failure to Provide Rest Breaks, Cal. Labor Code § 226.7, & IWC Wage Order 5 | 12/13/13 – 7/1/14<br>2 violations per pay-period x 6000 paychecks x $8.00 per hour<br><br>7/1/14 – 1/1/16 (78 weeks)<br>2 violations per pay-period x 17000 paychecks x $9.00 per hour<br><br>1/1/16 – 1/1/17<br>2 violations per pay period x 11000 pay checks x $10.00 per hour<br><br>1/1/17 – 1/1/18<br>2 violations per pay period x 11000 pay checks x $10.50 per hour<br><br>1/1/18 – 4/2/18<br>2 violations per pay period x 2000 pay checks x $11.00 per hour | $897,000.00 |
| Fourth Cause of Action | Failure to Provide Meal Periods, Cal. Labor Code §§ 226.7, 512, & IWC Wage Order 5 | 12/13/13 – 7/1/14<br>2 violations per pay-period x 6000 paychecks x $8.00 per hour<br><br>7/1/14 – 1/1/16 (78 weeks)<br>2 violations per pay-period x 17000 paychecks x $9.00 per hour | $897,000.00 |

NOTICE OF REMOVAL – Case No.: Unassigned

452902.5

| | | | |
|---|---|---|---|
| | | 1/1/16 – 1/1/17<br>2 violations per pay period  x 11000 pay checks x $10.00 per hour<br><br>1/1/17 – 1/1/18<br>2 violations per pay period  x 11000 pay checks x $10.50 per hour<br><br>1/1/18 – 4/2/18<br>2 violations per pay period  x 2000 pay checks x $11.00 per hour | |
| Fifth Cause of Action | Failure to Indemnify Employees for all Necessary Expenditures or Losses Incurred, Cal. Labor Code § 2802, & IWC Wage Order 5 | * Plaintiff does not provide adequate detail in the Complaint for Defendants to reasonably estimate damages for this cause of action. | - |
| Sixth Cause of Action | Failure to Comply with Itemized Employee Wage Statement Provisions, Cal. Labor Code §§ 226(B), 1174, 1175 | ($50.00 penalty for initial violation x 1000 paychecks) + ($100.00 for each subsequent violation x 14000 paychecks) | $1,450,000.00 |
| Seventh Cause of Action | Failure to Timely Pay Wages due at Termination, Cal. Labor Code §§ 201, 202, 203. | 12/13/14 – 4/2/2018<br>1000 separations x $29.70 average daily rate x 30 days | $891,000.00 |
| Eighth Cause of Action | Violation of California Unfair Competition Law, Cal. Business and Professions Code § 17200 *et seq* | The calculation of the amount in controversy is included in the above analysis for the first through fourth causes of action. | - |
| Subtotal for All Causes of Action | | | $5,795,500.00 |
| Attorneys' Fees | | | $1,448,875.00 |
| **Grand Total** | | | **$7,244,375.00** |

NOTICE OF REMOVAL – Case No.: Unassigned

452902.5

1

2

**First Cause of Action**

**Failure to Pay Minimum Wage**

3      18.    Plaintiff's First Cause of Action alleges that Defendants failed to pay

4  "minimum wages 'for all hours worked,'" in violation of California Labor Code sections 226,

5  226.6, 1194, 1194.2, 1197 & IWC Wage Order 5." Appendix Exh. B, Complaint at ¶¶ 32-44.

6  Pursuant to Labor Code sections 1194 and 1194.2, Plaintiff seeks to recover unpaid minimum

7  wages, liquidated damages, and attorney fees for all hours allegedly worked off the clock by

8  Plaintiff and members of the putative class. Appendix Exh. B, Complaint at ¶¶ 36-44.

9      19.    Plaintiff alleges "systemic failure by Defendants to pay all wages due, failure

10  to pay employees minimum [wage]" (Appendix Exh. B, Complaint at ¶ 3) "for all hours

11  worked" (Appendix Exh. B, Complaint at ¶ 36) resulting from "a pattern of employer

12  misconduct and wrongdoing that is characteristic of the labor system utilized by Defendants,

13  where unpaid and improperly paid labor … is a common business practice." Appendix Exh.

14  B, Complaint at ¶ 15.  Given the allegations that Defendants' failures are commonplace, it is

15  reasonable to assume at least one hour of off the clock time per putative class member per

16  work week for purposes of calculating the amount in controversy.  *See Jasso v. Money Mart*

17  *Express, Inc.*, No. 11-550, 2012 WL 699465, at *5-*6 (N.D. Cal. March 1, 2012) (where a

18  plaintiff alleges labor code violations occurred at "'all material times'" based on a "uniform

19  policy and systematic scheme" it is reasonable to assume one violation per week for each

20  alleged violation); *Wilson v. Best Buy Co., Inc.*, Case No.  10–3136, 2011 WL 445848, at *2

21  (E.D. Cal., Feb. 8, 2011) (same, based on allegations of unpaid overtime "'[d]uring the

22  relevant time period'").

23      20.    Because Plaintiff alleges an Unfair Competition claim pursuant to Business &

24  Professions Code § 17200 et seq., the applicable statute of limitations for the recovery of

25  alleged unpaid wages under Plaintiff's First Cause of Action is four years.  *See Cortez v.*

26  *Purolator Air Filtration Products Co.*, 23 Cal. 4th 163,179 (2000).  However, Plaintiff's

27  recovery for liquidated damages under Labor Code section 1194.2 is limited to one year prior

28  to the filing of his complaint.  *See* Cal. Code Civ. Proc. §340(a) (providing that unless

NOTICE OF REMOVAL – Case No.: Unassigned

452902.5

1  otherwise prescribed the limitations period "upon a statute for a penalty" is one year).

2       21.     During the time period covered by the Complaint,[2] the minimum wage varied.

3  The minimum wage in California was $8.00 per hour from December 13, 2013 to July 1,

4  2014; $9.00 per hour from July 1, 2014 to January 1, 2016; $10.00 per hour from January 1,

5  2016 to January 1, 2017; $10.50 from January 1, 2017 to January 1, 2018; and $11.00 from

6  January 1, 2018 to present.   See Cal. Labor Code § 1182.12 and IWC Wage Order #5-2001.

7  CCR employs a pay method such that there are 24 pay periods in each calendar year, or 2 in

8  each calendar month, with approximately two weeks for each pay period.  Between

9  December 13, 2013 to July 1, 2014, CCR issued at least 6000 pay checks to its California

10  non-exempt, hourly employees.  Between July 1, 2014 to January 1, 2016, CCR issued at

11  least 17000 pay checks to its California non-exempt, hourly employees.  Between January 1,

12  2016 to January 1, 2017, CCR issued at least 11000 pay checks to its California non-exempt,

13  hourly employees.  Between January 1, 2017 to January 1, 2018, CCR issued at least 11000

14  pay checks to its California non-exempt, hourly employees.  Between January 1, 2018 to

15  April 2, 2018, CCR issued at least 2000 pay checks to its California non-exempt, hourly

16  employees.  Between December 13, 2016 to present, CCR employed at least 1000 non-

17  exempt, hourly employees and issued at least 15000 pay checks to those employees.

18       22.     As such, the amount in controversy for Plaintiff's First Cause of Action, not

19  including interest, is: $1,212,000.00  = Alleged Unpaid Minimum Wage dating back to

20  December 13, 2013 (December 13, 2013 to July 1, 2014: 2 violations per pay period  x 6000

21  pay checks x $8.00 per hour; July 1, 2014 to January 1, 2016: 2 violations per pay period  x

22  17000 pay checks x $9.00 per hour; January 1, 2016 to January 1, 2017: 2 violations per pay

23  period  x 11538 pay checks x $10.00 per hour; January 1, 2017 to January 1, 2018: 2

24  violations per pay period  x 11000 pay checks x $10.50 per hour; January 1, 2018 to April 2,

25  2018: 2 violations per pay period  x 2000 pay checks x $11.00 per hour) + Liquidated

26  Damages (December 13, 2016 to present: 2 violations per pay period x 15000 pay checks x

27

28

---

[2] Plaintiff's claims began running on December 13, 2013 and continue to accrue.

NOTICE OF REMOVAL – Case No.: Unassigned

1    $10.50 average minimum wage per hour during relevant period).

2    ### Second Cause of Action

3    ### Failure to Pay Overtime

4        23.    Plaintiff's Second Cause of Action alleges that Defendants failed to pay

5    overtime premiums to members of the putative class for work done before employees clocked

6    in, while employees worked through meal and rest breaks, and after employees were

7    supposed to have clocked out for the day. Appendix Exh. B, Complaint at ¶ 49. Plaintiff

8    alleges both unpaid overtime valued at 1.5 times the normal rate of pay and unpaid overtime

9    valued at double the normal rate of pay. Appendix Exh. B, Complaint at ¶¶ 47-49.

10        24.    Plaintiff alleges "systemic failure by Defendants to pay all wages due"

11    (Appendix Exh. B, Complaint at ¶ 3) including failure to pay proper overtime rates

12    (Appendix Exh. B, Complaint at ¶ 49) resulting from "a pattern of employer misconduct and

13    wrongdoing that is characteristic of the labor system utilized by Defendants, where unpaid

14    and improperly paid labor … is a common business practice." Appendix Exh. B, Complaint

15    at 15.

16        25.    As a result of Plaintiff's Unfair Competition claim, the applicable statute of

17    limitations for the recovery of alleged unpaid wages and overtime premiums under Plaintiff's

18    Second Cause of Action is four years. *See Cortez*, 23 Cal. 4th 163.

19        26.    Defendants issued at least 6000 checks between December 13, 2013 to July 1,

20    2014; at least 17000 checks from July 1, 2014 to January 1, 2016; at least 11000 checks from

21    January 1, 2016 to January 1, 2017; at least 11000 paychecks from January 1, 2017 to

22    January 1, 2018; and at least 2000 paychecks from January 1, 2018 to April 2, 2018.

23        27.    Pursuant to *Jasco* and *Wilson*, it can be assumed that there was one violation

24    per week for each putative class member for the purposes of determining the amount in

25    controversy. *See also, Ray v. Wells Fargo Bank, NA*, 11-01477, 2011 WL 1790123 at *6–*7

26    (C.D. Cal., May 9, 2011) (assumption of one hour overtime per week proper where allegation

27    was "consistent" overtime). Similarly, it is fair to assume that the average allegedly unpaid

28    overtime premium is .5 times the regular rate of pay. Accordingly, the amount in controversy

NOTICE OF REMOVAL – Case No.: Unassigned

1  for Plaintiff's Second Cause of Action, not including interest, is (December 13, 2013 to July

2  1, 2014: 2 violations per pay period  x 6000 pay checks x $8.00 per hour x .5 overtime

3  premium multiplier; July 1, 2014 to January 1, 2016: 2 violations per pay period  x 17000 pay

4  checks x $9.00 per hour x .5 overtime premium multiplier; January 1, 2016 to January 1,

5  2017: 2 violations per pay period  x 11000 pay checks x $10.00 per hour x .5 overtime

6  premium multiplier; January 1, 2017 to January 1, 2018: 2 violations per pay period  x 11000

7  pay checks x $10.50 per hour x .5 overtime premium multiplier; January 1, 2018 to April 2,

8  2018: 2 violations per pay period  x 2000 pay checks x $11.00 per hour x .5 overtime

9  premium multiplier) = $448,500.00.

10  **Third Cause of Action**

11  **Failure to Provide Rest Breaks or Compensation**

12      28.    Plaintiff's Third Cause of Action alleges that "Defendants did not provide,

13  permit or authorize employees, including Plaintiff, to take proper rest breaks in accordance

14  with law." Exh. E, Complaint at ¶ 57.  Plaintiff alleges that "Defendants maintain a practice

15  of forcing employees, including Plaintiff, to take late rest breaks, work during rest breaks in

16  order to manage heavy workload and understaffing, as well as interrupting such employees

17  during rest breaks, when they are given, in order to assist customers." *Id.*  Plaintiffs allege

18  that this was a regular occurrence and that Defendants additionally failed "to provide one

19  hour pay at the employees' regular rate of compensation for each work day that a required rest

20  break was not provided." *Id.*

21      29.    California law imposes one additional hour of pay at the employee's regular

22  rate of compensation for each work day that an employer fails to provide an employee with a

23  meal period or a rest period.  See Cal. Labor Code § 226.7.  An employee may recover up to

24  two additional hours of pay on a single work day if both a meal period and a rest period were

25  not provided. *See Marlo v. United Parcel Serv., Inc.*, 03-04336, 2009 WL 1258491 (C.D.

26  Cal. May 5, 2009).

27      30.    As a result of Plaintiff's Unfair Competition claim, the applicable statute of

28  limitations for Plaintiff's Third Cause of Action is four years. *See Cortez*, 23 Cal. 4th 163.

NOTICE OF REMOVAL – Case No.: Unassigned

452902.5

31.    Plaintiff alleges that these violations were the result of Defendants' "practice" of forcing late rest breaks, working during rest breaks, and interrupting employees during rest breaks. Exh. A, Complaint at ¶ 57.  Courts have held that where plaintiffs allege missing breaks regularly and systematically, it is reasonable to estimate one missed rest break per week in determining the amount in controversy.  *See Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d 906, 912 (N.D. Cal. 2016) (collecting cases).

32.    Assuming one missed rest break per week, the estimated amount in controversy for Plaintiff's third cause of action is: (December 13, 2013 to July 1, 2014: 2 violations per pay period  x 6000 pay checks x $8.00 per hour; July 1, 2014 to January 1, 2016: 2 violations per pay period  x 17000 pay checks x $9.00 per hour; January 1, 2016 to January 1, 2017: 2 violations per pay period  x 11000 pay checks x $10.00 per hour; January 1, 2017 to January 1, 2018: 2 violations per pay period  x 11000 pay checks x $10.50 per hour; January 1, 2018 to April 2, 2018: 2 violations per pay period  x 2000 pay checks x $11.00 per hour)  =  $897,000.00.

### Fourth Cause of Action

### Failure to Provide Meal Breaks or Compensation

33.    Plaintiff's Fourth Cause of Action alleges that "Defendants did not provide, permit or authorize employees, including Plaintiff, to take proper meal periods in accordance with law."  Complaint at ¶ 65.  Plaintiff alleges that "Defendants maintain a practice of forcing employees, including Plaintiff, to take late meal periods, work during meal periods in order to manage heavy workload and understaffing, as well as interrupting such employees during meal periods, when they are given, in order to assist customers."  *Id*.  Plaintiffs allege that Defendants additionally failed "to provide one hour pay at the employees' regular rate of compensation for each work day that a required meal period was not provided."  *Id*.

34.    California law imposes one additional hour of pay at the employee's regular rate of compensation for each work day that an employer fails to provide an employee with a meal period or a rest period.  See Cal. Labor Code § 226.7.  An employee may recover up to two additional hours of pay on a single work day if both a meal period and a rest period were

NOTICE OF REMOVAL – Case No.: Unassigned

1  not provided.  *See Marlo v. United Parcel Serv., Inc.*, 03-04336, 2009 WL 1258491 (C.D.

2  Cal. May 5, 2009).

3      35.    As a result of Plaintiff's Unfair Competition claim, the applicable statute of

4  limitations for Plaintiff's Fourth Cause of Action is four years.  *See Cortez*, 23 Cal. 4th 163.

5      36.    Plaintiff alleges that these violations were the result of Defendants' "practice"

6  of forcing late meal periods, missed meal periods, working during meal periods, and

7  interrupting meal periods.  Appendix Exh. B, Complaint at ¶ 65.  Courts have held that where

8  plaintiffs allege missing breaks regularly and systematically, it is reasonable to estimate one

9  missed meal period per week for purposes of determining the amount in controversy.  *See*

10  *Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d 906, 912 (N.D. Cal. 2016)

11  (collecting cases).

12      37.    Assuming one missed meal period per week, the estimated amount in

13  controversy for Plaintiff's third cause of action is: (December 13, 2013 to July 1, 2014: 2

14  violations per pay period  x 6000 pay checks x $8.00 per hour; July 1, 2014 to January 1,

15  2016: 2 violations per pay period  x 17000 pay checks x $9.00 per hour; January 1, 2016 to

16  January 1, 2017: 2 violations per pay period  x 11000 pay checks x $10.00 per hour; January

17  1, 2017 to January 1, 2018: 2 violations per pay period  x 11000 pay checks x $10.50 per

18  hour; January 1, 2018 to April 2, 2018: 2 violations per pay period  x 2000 pay checks x

19  $11.00 per hour)  = $897,000.00 .

20                    **<u>Fifth Cause of Action</u>**

21              **<u>Failure to Indemnify for Expenditures or Losses</u>**

22      38.    Plaintiff's Fifth Cause of Action alleges that "Defendants failed to reimburse

23  Plaintiff and the Class for the cost of purchasing new uniforms, necessary to perform their

24  duties as directed by Defendants, and further failed to indemnify Plaintiff and the Class for all

25  necessary expenditures and losses incurred by Plaintiff and the Class for the benefit of

26  Defendants and to their detriment."  Complaint at ¶ 74.  Plaintiff alleges generally that

27  putative class members were required to purchase uniforms, "including pants, shoes, shirts,

28  and hats."  Complaint at ¶ 73.

NOTICE OF REMOVAL – Case No.: Unassigned

39.     Plaintiffs have not alleged sufficient details for Defendants to reasonably estimate the costs allegedly paid by employees to purchase clothing.  To the extent Plaintiffs make this information available, if necessary, Defendants will update the amount in controversy to reflect this amount.

### Sixth Cause of Action

### Failure to Comply with Itemized Wage Statement Provisions

40.     Plaintiff's Fifth Cause of Action alleges that during the applicable statutory time period, Defendants failed to provide putative class members with accurate itemized wage statements as required by Labor Code sections 226 and 226.3, and Title 8, section 11070(7) of the California Code of Regulations.  Appendix Exh. B, Complaint at ¶ 79. Plaintiff alleges that "Defendants have created a uniform practice of knowingly and intentionally failing" to comply with Labor Code § 1174 which allegedly requires employers to maintain and preserve, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wage paid to its employees.  Complaint at ¶ 81.

41.     A one year statute of limitations applies to a claim for Labor Code section 226 (e) penalties.  *See Elliot v. Spherion Pac. Work, LLC,* 572 F. Supp. 2d 1169, 1179 n.9 (C.D. Cal. 2008).  Plaintiff's claim began running on December 13, 2013.

42.     Plaintiff alleges that Defendants "… have failed to comply with California Labor §226(a) by itemizing in wage statements all wages properly earned and accurately reporting total hours worked by Plaintiff and the Class."  Appendix Exh. B, Complaint at ¶ 19.  "Plaintiff and the Class are entitled to up to $4,000.00 in penalties."  Appendix Exh. B, Complaint at ¶ 82.  For purposes of establishing the amount in controversy in cases with similar allegations, courts have assumed a 100% violation rate when it comes to itemize wage statement claims.  *See, e.g., Morgan v. Childtime Childcare, Inc.*, No. SACV 17-01641 AG (KESx), 2017 U.S. Dist. LEXIS 186537, at *12 (C.D. Cal. Nov. 10, 2017); *Altamirano v. Shaw Indus.*, No. C-13-0939 EMC, 2013 U.S. Dist. LEXIS 84236, at *32 (N.D. Cal. June 14, 2013).  An assumed 100% violation rate for the itemized wage statement claim is further

NOTICE OF REMOVAL – Case No.: Unassigned

452902.5

1  supported by the fact the itemized wage statement claim is likely derivative of the other

2  claims (e.g., off-the-clock, meal and rest period claims) where the courts have found it

3  reasonable to assume those underlying violations were occurring at least once per week for

4  purpose of determining the amount in controversy.

5      43.    There were more than 1000 employees who received more than 15000

6  paychecks from December 13, 2016 to the present.  Since the total paychecks issued to any

7  one employee from December 13, 2016 to the present does not exceed 33 paychecks, the cap

8  of $4,000 per employee does not apply.  The amount in controversy can be calculated as

9  follows: ($50.00 penalty for the initial violation x 1000 paychecks) + ($100.00 for each

10  subsequent violation x 14000 paychecks) =  $1,450,000.00.

11                          **Seventh Cause of Action**

12                 **Failure to Pay Wages Due at Termination**

13      44.    Plaintiff's Seventh Cause of Action alleges that "Defendants willfully failed to

14  timely pay Plaintiff and the Class all of their wages due for work performed, and this failure

15  continued through the time in which Plaintiff and the Class quit or were discharged from their

16  employment with Defendants."  Complaint at ¶ 87.  Plaintiffs seek damages pursuant to Cal.

17  Labor Code §§ 201, 202, 203.

18      45.    For purposes of establishing the amount in controversy for these penalties,

19  courts have accepted a calculation multiplying the number of employees whose employment

20  ended during the class period by the average rate of pay and average number of hours

21  worked, for the 30 days established as the penalty period.  *See, e.g., Soto v. Greif Packaging*

22  *LLC*, No. SACV 17-2104 JVS(JDEx), 2018 U.S. Dist. LEXIS 38439, at *14 (C.D. Cal. Mar.

23  8, 2018); *Ford v. CEC Entm't, Inc.*, No. CV 14-01420 RS, 2014 U.S. Dist. LEXIS 94059, at

24  *8 (N.D. Cal. July 10, 2014); *Altamirano*, 2013 U.S. Dist. LEXIS 84236, at *34.

25      46.    The specified penalty for each day that an employer fails to pay all outstanding

26  wages owed to an employee is one day's wages, up to a maximum of 30 days.  Labor Code. §

27  203.  There are more than 1000 individuals from the putative class who are separated

28  employees during the statutory period.  The normal shift length is normally more than three

NOTICE OF REMOVAL – Case No.: Unassigned

hours.  Using the calculation above, the amount in controversy is as follows: (December 13, 2014 to April 2, 2018: 1000 separations x $29.70 average daily rate [$9.90 average minimum wage during statutory period x 3 hour shift] x 30 days) = $891,000.00.

### Attorneys' Fees

47.    Plaintiff's complaint also alleges that the putative class is entitled to recover attorneys' fees.  Requests for attorneys' fees may be taken into account when ascertaining the amount-in-controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).   The Ninth Circuit "has established 25% of the common fund as a benchmark award for attorney fees." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *see also Barcia v. Contain-A-Way, Inc.*, 07cv938, 2009 WL 587844, at *5 (S.D. Cal, March 6, 2009).

48.    Given the foregoing, it is reasonable that the amount in controversy for attorneys' fees is $1,448,875.00.

49.    The allegations in the Complaint do not quantify the value of the declaratory, injunctive and other equitable relief sought by Plaintiff including restitution and/or disgorgement of ill-gotten gains. Where non-monetary relief is sought, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).

50.    While Defendants deny that Plaintiff or any putative class member is entitled to recover any amount or the other relief sought, based on the foregoing assumptions, the amount in controversy exceeds $7,000,000… well over the $5,000,000 threshold set forth in 28 U.S.C. §1332(d)(2).

### Plaintiff Cannot Show Any CAFA Exception Applies

51.    Once CAFA's initial requirements have been satisfied, the burden of proving one of CAFA's exceptions rests with the party asserting the exception. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007). No exception applies here and as such, this Court has jurisdiction.

52.    As described above, Plaintiff explicitly attempted to prevent removal in the allegations in the Complaint, and Plaintiff's attorneys have filed and settled a nearly-identical

1  lawsuit seeking nearly identical relief from Central Coast Restaurants on behalf of a nearly-

2  identical putative class.

### Removal Is Timely

4      53.     The Ninth Circuit has held that a defendant may remove the case outside of the

5  30 day deadline if the Complaint does not "reveal on its face that there was diversity of

6  citizenship or that there was sufficient amount in controversy to support jurisdiction under

7  CAFA." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013); *see*

8  *also, Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018).  The Ninth Circuit

9  has held that a corporate defendant is not required to complete its investigation within the 30

10  days listed in the statute, and may remove at a later date if information permitting removal

11  becomes available later.  *Kenny*, 881 F.3d at 791; *Roth*, 720 F.3d at 1125.

12      54.     Defendants were served with the Complaint on February 6, 2018.  Plaintiff

13  alleges in the Complaint that CAFA removal is improper, alleges that the class is 100%

14  California citizens, and does not allege a dollar amount in damages.  This has necessitated

15  Defendants carrying out an examination of the putative class members' citizenship and the

16  estimated dollar amount of the amount in controversy.

### Venue and Intradistrict Assignment

18      55.     Because the Complaint was filed and is currently pending in the Superior Court

19  of California for the County of Alameda, the Northern District of California is the proper

20  venue for this action upon removal pursuant to 28 U.S.C. § 1441(a), a), and the Oakland

21  Division is the proper intra-District assignment for this action upon removal pursuant to Civil

22  L.R. 3-2(c).

### Removal Procedure

24      56.     Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings filed in the

25  State Court action and served on Defendants are attached to the Appendix of State Court

26  Pleadings, filed concurrently herewith.

27  ///

28  ///

NOTICE OF REMOVAL – Case No.: Unassigned

452902.5

57.    Defendants will promptly serve written notice of the removal of this action upon Plaintiff and will file such notice with the Clerk of the Superior Court of the State of California, County of Alameda as required by 28 U.S.C. § 1446(d).


Dated:  April 19, 2018                                    ROGERS JOSEPH O'DONNELL


By: _____
        DENNIS C. HUIE
        JOSHUA M. DEITZ
        KATHERINE SVINARICH
        Attorneys for Defendants
        CENTRAL COAST RESTAURANTS,
        INC. AND YADAV ENTERPRISES, INC.

NOTICE OF REMOVAL – Case No.: Unassigned

452902.5