UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER GARCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CENTRAL COAST RESTAURANTS, INC., et al.,<br><br>　　　　Defendants. | Case No. 18-cv-02370-RS<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO APPROVE CLASS NOTICE** |

In this wage and hour class action, class representative Jennifer Garcia brings a motion for approval of class notice following the certification of the meal period subclass on March 4, 2022. Defendants submitted an opposition to the motion and concurrently filed a motion to stay proceedings pending the Ninth Circuit's resolution of Defendants' Petition for Permission to Appeal. Defendants' opposition to Plaintiff's motion for approval of the class notice was predicated solely on inefficiencies in distributing notice to the class now, if the Ninth Circuit were to grant Defendants' petition. On May 27, 2022, the Ninth Circuit denied Defendants' petition. Defendants withdrew their motion to stay, but maintain their opposition to the issuance of class notice.

Defendants argue that "Class Notice fails to account for the fact that the vast majority of class members are bound by an arbitration agreement and disseminating class notice at this juncture to those individuals who[se] claims are subject to arbitration would be premature and cause unnecessary confusion." Notice of Withdrawal of Motion to Stay, p.1. The order granting in

part and denying in part the motion for class certification noted that Plaintiff may "challenge the arbitration agreement on behalf of the class." Class Certification Order, p.10. At this juncture, however, it is unknown whether Plaintiff will succeed in challenging the arbitration agreements at issue on behalf of the class. The proposed class notice states that recipients are members of the class and that "[a]ny judgment in the case on the certified claims, whether favorable or not, will automatically bind all Class Members who do not request exclusion." The proposed class notice contains no reference to arbitration clauses. The lack of such a reference may indeed confuse some class members, in the event Plaintiff's challenge to the arbitration agreements fails, and the claims of certain members of the class can no longer proceed as part of the class action.

Issuance of a class notice at this stage is proper,[1] but the proposed class notice requires revisions to explain adequately the context of arbitration clauses in this matter, and the effects those arbitration clauses may have. The motion to approve class notice is therefore denied without prejudice to the submission of a new proposed class notice which addresses the possible impact of arbitration clauses on the participation of some class members in the class action. Pursuant to Civil Local Rule 7-1(b), this motion is suitable for disposition without oral argument and the hearing scheduled for June 16, 2022 is vacated.

**IT IS SO ORDERED**.

Dated: June 9, 2022

RICHARD SEEBORG
Chief United States District Judge

---

[1] Defendant argues that disseminating class notice at this stage would cause confusion, but any such confusion can be mitigated by addressing issues concerning arbitration in the class notice.