UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER GARCIA,<br>　　　　Plaintiff,<br>　　v.<br>CENTRAL COAST RESTAURANTS,<br>INC., et al.,<br>　　　　Defendants. | Case No. 18-cv-02370-RS<br><br>**ORDER LIMITING DISCOVERY** |

　　The parties have raised a question concerning the scope of discovery leading up to the Federal Arbitration Act ("FAA") "mini-trial" scheduled for September 19, 2023. Defendants argue discovery must be limited "to facts relevant to the enforceability of three versions of arbitration agreements at issue in this case," Dkt. 131; Plaintiff opposes limiting discovery, *see* Dkt. 132.

　　Defendants' position is correct. The focus of the mini-trial is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). While the FAA limits discovery when a motion to compel arbitration is pending, *see Laguna v. Coverall N. Am., Inc.*, No. 09cv2131-JM (BGS), 2011 WL 3176469, at *7 (S.D. Cal. July 26, 2011), its logic applies with equal force here, even though no such motions are pending. *See* Dkt. 131, at 4 n.2. The enforceability of the arbitration agreements is a potentially dispositive issue. If Plaintiff is unsuccessful, issues concerning the merits of her claim are, with respect to those class members bound by the agreements, "questions for the arbitrator." *Simula,*

*Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999). Discovery should not be extended to encompass the merits until this critical question is resolved.[1]

For these reasons, discovery shall be limited to the issue of the enforceability of the arbitration agreements at issue. Any discovery disputes pertaining to this question shall be referred to the Magistrate Judge. Pursuant to the FAA, the parties must indicate their intent to request a jury trial for the mini-trial no later than July 19, 2023.

**IT IS SO ORDERED**.

Dated: April 14, 2023

_____
RICHARD SEEBORG
Chief United States District Judge

---

[1] Defendants separately argue that engaging in merits-based discovery at this stage would subject them to the risk of waiving their right to arbitrate. Dkt. 131, at 4–5 (citing *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 469 (9th Cir. 2023)). While a moot point in light of this order, Defendants' concern is misplaced. *Hill* holds that the test for determining waiver is based on "the totality of the parties' actions." 59 F.4th at 471. Here, the fact that Defendants' have raised this point at all — that is, strenuously voicing their concern about waiver — is itself inconsistent with the conclusion that they have waived their right to arbitrate.