**MALLISON & MARTINEZ**
STAN S. MALLISON (SBN 184191)
StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (SBN 206336)
HectorM@TheMMLawFirm.com
GONZALO QUEZADA (SBN 338386)
GQuezada@TheMMLawFirm.com
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

*Attorneys for Plaintiff*

**AKERMAN LLP**
DAMIEN P. DELANEY (SBN 246476)
damien.delaney@akerman.com
RUKAYAT O. SALAAM (SBN 335081)
rukayat.salaam@akerman.com
MELISSA CIZMORRIS (admitted *pro hac vice*)
melissa.cizmorris@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JENNIFER GARCIA, individually and acting on behalf of a class of similarly situated employees,

Plaintiff,

vs.

CENTRAL COAST RESTAURANTS, INC., YADAV ENTERPRISES, INC.; and DOES 1-20;

Defendants.

Case No. 18-cv-02370-RS

CLASS ACTION

**JOINT STIPULATION REGARDING SCOPE OF CLASS DEFINITION AND REQUEST TO VACATE EVIDENTIARY HEARING; ORDER**

Dept.: Courtroom 3
Judge: Hon. Richard Seeborg

IT IS HEREBY STIPULATED by and between Plaintiff Jennifer Garcia ("Plaintiff") and Defendants Central Coast Restaurants, Inc., and Yadav Enterprises, Inc., ("Defendants") (collectively with Plaintiff, the "Parties"), by and through their respective undersigned counsel as follows:

WHEREAS, on February 9, 2023, the Chief United States District Judge Richard Seeborg ordered a bench trial regarding the validity of the arbitration agreement;

WHEREAS, the bench trial is scheduled to commence October 4, 2023;

WHEREAS, the Parties have met and conferred regarding the upcoming bench trial;

WHEREAS, in order to preserve the Court's and the Parties' finite resources by avoiding a bench trial on the issue of the validity of Defendants arbitration agreement, in the interest of judicial economy, and for good cause, the Parties agree that members: (1) who did not execute an arbitration agreement and (2) who were minors at the time of executing the arbitration agreement; will remain part of the class and the remainder of the members will be excluded from the meal-period class.

WHEREAS, the Parties are actively finalizing the list of members: (1) who did not execute and arbitration agreement and (2) who were minors at the time of executing the arbitration agreement.

WHEREAS, the Parties agree that the finalized list of members in the class will be determined by using Exhibit A of the Declaration of Joseph Burgess In Support Of Reply To Defendants' Rule 23 Motion To Modify The Class Definition (Doc. 118-1) ("Burgess Declaration"), which will include the additional names of the thirty-eight (38) arbitration agreements found after the Burgess Declaration was filed, and the contact list received after the opt in/out procedure.

NOW, THEREFORE, for the good cause set forth above, the Parties request that the Court enter an Order:

1. Members of the Class who did not execute an arbitration agreement will remain part of the class. Defendants waive their right to argue that any class member

who did not execute an arbitration agreement are bound by the terms of any arbitration agreement. The Parties shall file a true and correct copy of a list including at minimum all class members who did not execute an arbitration agreement no later than September 29, 2023.

2. Members of the Class who were minors when they executed an arbitration agreement will remain part of the class. Defendants waive their right to assert that any class member who executed the arbitration agreement as a minor is bound by the terms of any arbitration agreement. The Parties shall file a true and correct copy of a list including at minimum all class members who were minors when they executed an arbitration agreement is attached hereto as no later than September 29, 2023.

3. The remainder of the class members who were over the age of majority and executed an arbitration are excluded from the class.

4. The bench trial set for October 4, 2023, and related dates are vacated.

Dated: September 20, 2023

**MALLISON & MARTINEZ**

/s/ Gonzalo Quezada
Stan S. Mallison
Hector R. Martinez
Gonzalo Quezada
Attorneys for Plaintiff

Dated: September 20, 2023

**AKERMAN LLP**

/s/ Rukayat Salaam
Melissa Cizmorris
Damien DeLaney
Rukayat Salaam
*Attorneys for Defendants*

**ORDER**

After consideration of the Stipulation, the Court's file in this action, and good cause appearing, the Court Orders as follows:

1. Members of the Class who did not execute an arbitration agreement will remain part of the class. Defendants waive their right to argue that any class member who did not execute an arbitration agreement are bound by the terms of any arbitration agreement. The Parties shall file a true and correct copy of the list including at minimum all class members who did not execute an arbitration agreement no later than September 29, 2023.
2. Members of the Class who were minors when they executed an arbitration agreement will remain part of the class. Defendants waive their right to assert that any class member who executed the arbitration agreement as a minor is bound by the terms of any arbitration agreement. The Parties shall file a true and correct copy of the list including at minimum all class members who were minors when they executed an arbitration agreement no later than September 29, 2023.
3. The remainder of the class members who were over the age of majority and executed an arbitration are excluded from the class.
4. The bench trial set for October 4, 2023, and related dates are vacated.

**IT IS SO ORDERED.**

Dated: September 20, 2023

Richard Seeborg
Chief United States District Judge